UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK CARTER  (#337492)

VERSUS                                                                    CIVIL ACTION

CORNEL HUBERT, ET AL                                     NUMBER 07-614-FJP-DLD

RULING ON MOTION TO SET ASIDE ENTRY OF DEFAULT

This matter is before the court on the defendants' motion to set aside entry of default. Record document number 25.

Pro se plaintiff, an inmate at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel Hubert, Assistant Warden Rayburn Teer, Maj. Donald Johnson, Capt. Cochran, Lt. Curtis, Lt. Snowten, Lt. Decuir and Lt. Foster, Maj. Kenneth Stewart and Assistant Warden Hall.  Plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his constitutional rights.

Default judgments are disfavored.  *Lindsey v. Prive Corp.*, 161 F.3d 886 (5th Cir. 1998); *Dierschke v. O'Cheskey*, 975 F.2d 181 (5th Cir. 1992).  The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver.  *Sun Bank v. Pelican Homestead & Sav. Ass"n*, 874 F.2d. 274, 276 (5th Cir. 1989).  Rule 55, Fed.R.Civ.P., provides that "[f]or good cause shown the court may set aside an entry of default."  Relevant factors include whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, and the harshness of a default judgment.

Because the plaintiff has not been prejudiced by the delay, the default was caused by

excusable neglect, and the entry of a default judgment would be unduly harsh under the circumstances, the entry of default should be set aside.

Accordingly, the entry of default is set aside.

Signed in Baton Rouge, Louisiana, on February 22, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**