UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK CARTER  (#337492)

VERSUS                                              CIVIL ACTION

CORNEL HUBERT, ET AL                      NUMBER 07-614-FJP-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on May 16, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK CARTER (#337492)

VERSUS                                                              CIVIL ACTION

CORNEL HUBERT, ET AL                                    NUMBER 07-614-FJP-DLD

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on the defendants' motion to dismiss. Record document number 29. The motion is not opposed.

Pro se plaintiff, an inmate at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel Hubert, Assistant Warden Rayburn Teer, Maj. Donald Johnson, Lt. Patrick Cochran, Lt. Curtis, Lt. Christopher Snowden, Capt. Joel Decuir, Lt. Arthur Foster, Kenneth Stewart and Warden Hall. Plaintiff alleged that he was subjected to unconstitutional conditions of confinement in violation of his constitutional rights.

Defendants[1] moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

**A.    Failure to State a Claim**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that

---

[1] Rayburn Teer was not served with the summons and complaint and did not participate in the defendants' motion to dismiss.

>the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[2]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*

---

[2] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint. 127 S.Ct. at 1965. In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery. Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

at 1965 (quotation marks, citations, and footnote omitted).

### 1. Eleventh Amendment Immunity

Defendants moved, on the basis of Eleventh Amendment immunity, to dismiss the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against a state official in his official capacity is treated as a suit against the state. *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985). Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law. A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action. *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device." Officers sued in their personal capacity come to court as individuals. However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state. *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Therefore, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of the plaintiff's constitutional rights. Insofar as the plaintiff sought prospective injunctive relief against the defendants in their official capacity, his official capacity claim is also actionable under § 1983.

### 2. *Heck*-Barred

Defendants argued that the plaintiff's claims regarding his placement in disciplinary lockdown are barred by the Supreme Court's decisions in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), and *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997). Specifically, defendants argued that the plaintiff was found guilty of two disciplinary infractions for aggravated sex offense by a disciplinary board. Defendants argued that because the plaintiff's claims regarding his placement in disciplinary lockdown, if successful, would invalidate the decision of the disciplinary board regarding the aggravated sexual offense disciplinary charges the claim is barred under *Heck.*

A review of the complaint showed that although the plaintiff alleged that he was issued disciplinary reports for aggravated sex offense, the complaint is devoid of any facts related to the outcome of any disciplinary proceedings related to the disciplinary charges.

Recognizing that the plaintiff failed to allege any facts necessary to support their *Heck* argument, the defendants urged the court to look outside the allegations of the complaint and consider information contained in the record of the plaintiff's disciplinary proceedings.[3] Defendants argued that because the disciplinary record is a public record

---

[3] The Secretary for the Louisiana Department of Public Safety and Corrections filed a certified copy of the results of the Administrative Remedy Procedure in response to an order

and the court may take judicial notice of it, the results of the disciplinary board proceedings may be considered without converting their Rule 12(b)(6) motion to a motion for summary judgment.[4]

Defendants unsupported argument that the ARP/disciplinary record is a public record is unpersuasive.[5] Defendants did not cite any federal or state law which classifies prison administrative records as public records. None of the cases the defendants relied upon involved a Louisiana prison administrative grievance proceeding. Cases from other jurisdictions are not binding authority for the proposition that in Louisiana prison Administrative Remedy Procedure records are classified as public records.

### 3. Qualified Immunity

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional

---

issued by the court. Record document number 5. The documents relied upon by the defendants were not filed by the Secretary in response to the court's 30 day stay order. Prior to the Supreme Court's decision in *Jones v. Bock*, __ U.S. __, 127 S.Ct. 910 (2007), the plaintiff's ARP/disciplinary record were routinely examined to determine whether the plaintiff exhausted available administrative remedies.

[4] Record document number 29, supporting memorandum, p. 8, n. 4.

[5] Counsel for these defendants, and other counsel employed by the Louisiana Department of Justice, have made the same argument in numerous prisoner civil rights suits in this court regarding consideration of prison disciplinary records and ARPs. The argument has been repeatedly rejected. Counsel for the defendants has not presented any new, cogent argument to support a different result.

rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

### a. Unconstitutional Conditions of Confinement

Plaintiff alleged that between June 13 and June 20, 2007, July 4 and July 11, 2007, September 30, 2007 and October 5, 2007, and October 23, 2007 and October 29, 2007, he was placed on restrictive cell confinement after being found guilty of disciplinary infractions for aggravated sex offense. Plaintiff alleged that while on restrictive cell

confinement during these periods, all of his personal belongings were removed from his cell and he was not permitted outdoor exercise, telephone, visitation or canteen privileges. Plaintiff alleged that the temperature in his cell was cold and he was required to walk barefooted in his cell. Plaintiff alleged that on occasion, he was denied a meal because his paper gown was torn or because he failed to stand in the center of his cell when the meal was delivered. Plaintiff alleged that he was required to wear a spit mask while attending disciplinary court and during mental health appointments. Plaintiff conceded that he was permitted to retain a mattress, paper gown and his legal materials in his cell while assigned to restrictive cell confinement. Plaintiff further conceded that he was allowed to exercise inside his cell.

The Eighth Amendment prohibits only the wanton and unnecessary infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976). Whether the treatment received by an inmate is characterized as inhumane conditions of confinement, a failure to attend to medical needs, or a combination of both, it is appropriate to apply the "deliberate indifference" standard articulated in *Estelle*. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 2327 (1991).[6]

Some conditions of confinement may establish an Eighth Amendment violation "in combination" when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need. Nothing so amorphous as "overall conditions" can rise to the level of cruel and unusual punishment

---

[6] In *Seiter*, the Supreme Court stated that, in emergency situations, where prison officials must act "in haste, [and] under pressure", the requisite intent rises to "acting `maliciously and sadistically for the purpose of causing harm.'" *Seiter*, 501 U.S. 294, 111 S.Ct. at 2321.

when no specific deprivation of a single human need exists. *Id.*

Plaintiff failed to allege that he was deprived of a single identifiable human need as a result of his limited exposure to the conditions of confinement described herein.

### b. Infringement on Ability to Practice Religion

Plaintiff alleged that he was denied access to his Bible and religious materials while he was confined pursuant to the restrictive cell program in violation of his First Amendment rights.

The law is clear that prisoners enjoy the First Amendment's proscription of laws and regulations which infringe on their ability freely to practice their religion. *Powell v. Estelle*, 959 F.2d 22 (5th Cir. 1992), *citing O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400 (1987).

Plaintiff's claim that the defendants interfered with his ability to exercise his religion is sufficient to state a claim upon which relief can be granted.

### c. Excessive Force

Plaintiff alleged that on October 23, 2007, Lt. Curtis sprayed him with an excessive amount of chemical mace after the plaintiff refused to comply with an order to throw his property away.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298

(1993).

Plaintiff's claim that he was subjected to excessive use of force is sufficient to state a claim upon which relief can be granted.

### d. Supplemental Jurisdiction

Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted in part dismissing the plaintiff's unconstitutional conditions of confinement claims. It is further recommended that the court decline to exercise supplemental jurisdiction over the plaintiff's state law claims and this matter be referred back to the magistrate judge for further proceedings on the plaintiff's claims that he was subjected to an excessive use of force and was denied access to his Bible and religious materials.

Signed in Baton Rouge, Louisiana, on May 16, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**