UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


DERRICK CARTER  (#337492)

VERSUS                                                                          CIVIL ACTION

CORNEL HUBERT, ET AL                                         NUMBER 07-614-FJP-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on April 7, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK CARTER  (#337492)

VERSUS                                                                          CIVIL ACTION

CORNEL HUBERT, ET AL                                          NUMBER 07-614-FJP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss and Supplemental Motion for Summary Judgment.[1]  Record document numbers 126 and 140.  The motion is opposed.[2]

Pro se plaintiff, an inmate at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Curtis, Maj. Donald Johnson, Lt. Patrick Cochran and  Maj. Kenneth Stewart.[3]  Plaintiff alleged that Lt. Curtis subjected him to an excessive use of force and that Maj. Donald Johnson, Lt. Patrick Cochran and Maj. Kenneth Stewart denied him access to his Bible in violation of his constitutional rights.[4]

---

[1] An order was issued on January 25, 2010, record document number 137, placing the parties on notice that the defendants' motion to dismiss was to be treated as a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P.  Defendants were granted until February 9, 2010, to supplement the motion for summary judgment.  On February 2, 2010, the defendants were granted an extension of time until February 24, 2010, to supplement their motion.  Plaintiff was granted until March 12, 2010, to oppose the defendants' motion for summary judgment.  Defendants filed a Supplemental Motion for Summary Judgment on February 24, 2010.  Plaintiff filed a response in opposition on March 15, 2010.

[2] Record document numbers 133 and 143.

[3] Record document numbers 1, 13 and 17.

[4] Plaintiff's claims against Warden Cornel Hubert, Assistant Warden Lawrence Hall,
(continued...)

Defendant Lt. Curtis moved for summary judgment relying on a statement of undisputed facts, and the results of Administrative Remedy Procedure (hereinafter ARP) EHCC-2007-138 and 2007-253.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Defendant Lt. Curtis moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding his excessive force claim.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S.

---

⁴(...continued)
Lt. Arthur Foster, Lt. Christopher Snowden, Capt. Joel Decuir and Rayburn Teer were previously dismissed. Additionally, the plaintiff's unconstitutional conditions of confinement claims were dismissed and the court declined to exercise supplemental jurisdiction over the plaintiff's state law claims. Record document number 115.

199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act (PLRA) does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id.*

3

Plaintiff alleged that on October 23, 2007, Lt. Curtis sprayed him with an excessive amount of chemical mace after the plaintiff refused to comply with an order to throw his property away.

The summary judgment evidence showed that the plaintiff filed an administrative grievance on January 24, 2007, complaining that Master Sgt. Krol improperly returned an administrative grievance. The administrative grievance was assigned the number ARP EHCC-2007-138 and on February 14, 2007, it was rejected on the grounds that the plaintiff failed to follow proper procedure. Specifically, the grievance should have been sent to Warden Hubert, the Unit Head at the institution.[5]

The summary judgment evidence showed that the plaintiff filed an administrative grievance on January 20, 2007, complaining that the Restrictive Cell policy subjects the prisoners to unconstitutional conditions of confinement. The administrative grievance was assigned the number ARP EHCC-2007-253. The ARP was denied at the First Step on May 15, 2007, and at the Second Step on June 26, 2007.

The summary judgment evidence showed that the plaintiff failed to exhaust proper administrative remedies regarding his excessive force claim prior to bringing the claim.

Plaintiff argued that he should not be required to exhaust his excessive force claim because had he raised the excessive force claim in an ARP he would have been subject to discipline by prison officials for submitting a multiple complaint on the same issue.

Plaintiff's argument must fail because there is no provision in the prison rule book which barred him from complaining about the alleged excessive use of force in a separate

---

[5] Record document number 5-1, p. 1.

4

ARP.

Plaintiff's alternative argument that the excessive force claim should be considered exhausted because the excessive force claim arises from his unconstitutional conditions of confinement claims raised in his original complaint is not persuasive. Nor is the plaintiff's argument that the defendant waived the exhaustion defense.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion for Summary Judgment be granted and the claims against Lt. Curtis be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the claims in forma pauperis status.[6] It is further recommended that this matter be referred back to the magistrate judge for further proceedings on the plaintiff's First Amendment claim against Maj. Donald Johnson, Lt. Patrick Cochran and Maj. Kenneth Stewart.

Signed in Baton Rouge, Louisiana, on April 7, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[6] *Underwood v. Wilson*, 151 F.3d at 296.