UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK CARTER  (#337492)

VERSUS                                            CIVIL ACTION

CORNEL HUBERT, ET AL                              NUMBER 07-614-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 20, 2011.

                                                  _____
                                                  **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DERRICK CARTER  (#337492)

VERSUS

CORNEL HUBERT, ET AL

CIVIL ACTION

NUMBER 07-614-FJP-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Summary Judgment.  Record document numbers 148 and 153.  The motion is opposed.[1]

Pro se plaintiff, while confined at inmate at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Maj. Donald Johnson, Lt. Patrick Cochran and Maj. Kenneth Stewart.[2]  Plaintiff alleged that the defendants denied him access to his Bible in violation of his constitutional rights.[3]

Defendants moved for summary judgment relying on a statement of

---

[1] Record document numbers 156 and 157.  Plaintiff addressed claims not previously raised in his original and two amended complaints.  Plaintiff's opposition to the defendants' motion for summary judgment shall not be treated as an amendment to the complaint.

[2] Record document numbers 1, 13 and 17.

[3] Plaintiff's unconstitutional conditions of confinement claim and his claims against Warden Cornel Hubert, Assistant Warden Lawrence Hall, Lt. Arthur Foster, Lt. Christopher Snowden, Capt. Joel Decuir, Rayburn Teer and Lt. Curtis were previously dismissed. Record document numbers 115 and 146.  The court also declined to exercise supplemental jurisdiction over the plaintiff's state law claims.  Record document number 115.

undisputed facts, the affidavit of Cornel Hubert, a copy of a memorandum regarding Restrictive Cell Status issued by Warden Hubert on October 13, 2006, and copies of Hunt Correctional Center Institutional Policy #100-D5 issued May 2007 and May 2009.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that he was denied access to his Bible and religious materials while he was confined pursuant to the restrictive cell program in violation of his First Amendment rights. Specifically, the plaintiff alleged that he was confined to the restrictive cell program June 13 through June 20, 2007, July 4 through July 11, 2007, September 30 through October 5, 2007 and October 23 through October 29, 2007 . Plaintiff alleged that pursuant to the Restrictive Cell policy, his Bible and other religious pamphlets were removed from his cell on these four occasions.

The law is clear that prisoners enjoy the First Amendment's proscription of laws and regulations which infringe on their ability freely to practice their religion. *Powell v. Estelle*, 959 F.2d 22 (5th Cir. 1992), *citing O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400 (1987).

In determining whether a prison regulation impinges on an inmate's

constitutional rights, the court must consider four factors which were set out in *Turner v. Safley*, 482 U.S.78, 107 S.Ct. 2254 (1987). These are: (1) whether the regulation has a logical connection to the legitimate government interests invoked to satisfy it, (2) whether there are alternative means of exercising the rights that remain open to the inmate, (3) the impact that accommodation of the asserted constitutional rights will have on other inmates, guards and prison resources, and (4) the presence or absence of ready alternatives that fully accommodate the prisoner's rights at a de minimis cost to valid penological interests.

Assuming, without deciding, that the policy would not have passed constitutional muster insofar as it denied prisoners access to the Bible and other religious material, the defendants are nonetheless entitled to summary judgment as a matter of law.[4]

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Section 1997e(e) bars claims for compensatory damages for a First

---

[4] Plaintiff was confined under the restrictive cell policy for repeatedly masturbating in front of prison personnel. Defendants stated conclusions rather than explaining their rationale behind the regulation. For example, they failed to explain, among other things, just how a regulation which denies access to the Bible and other religious material has a logical connection to any legitimate government interest or what impact providing a Bible would have on others – especially where the offense warranting punishment under the challenged regulation is masturbation.

3

Amendment violation without a prior showing of physical injury. *Mayfield v. Texas Dept. Of Criminal Justice*, 529 F.3d 599, 605-06 (5th Cir. 2008); *Massingill v. Livingston*, 277 F.Appx. 491 (5th Cir. 2008); *Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005). A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged incident.

Although § 1997e(e) bars Carter's claims for compensatory damages, it does not bar his requests for punitive damages and injunctive and declaratory relief. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

A punitive damages award may stand in the absence of actual damages where there has been a constitutional violation. *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003). But punitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights. *Id*. Plaintiff has not shown the "evil intent" or "callous indifference" required to obtain punitive damages.

Finally, defendants argued that the plaintiff's claim for injunctive and declaratory relief based on the Restrictive Cell policy is moot because Warden Cornel Hubert has certified that Hunt Correctional Center completely eliminated the Restrictive Cell Program on May 26, 2009, and plaintiff is no longer confined at Hunt Correctional Center.

A request for injunctive relief generally becomes moot upon the happening of

4

the event sought to be enjoined. *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998). Courts are justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude, mooting cases that might have been allowed to proceed had the defendant not been a public entity. *Zepeda v. Boerne Indep. Sch. Dist.*, 294 Fed. Appx. 834, 840 n.9 (5th Cir. 2008).

The summary judgment evidence supports a finding that the Restrictive Cell policy in effect at Hunt Correctional Center between 2006 and 2009, which, in part, restricted a prisoner's access to religious material, was eliminated and cannot reasonably be expected to recur, and, as stated earlier, the plaintiff is no longer confined at Hunt Correctional Center.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion for Summary Judgment be granted and this action be dismissed.

Signed in Baton Rouge, Louisiana, on January 20, 2011.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**